UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:    3-16-BK-2332-PMG

IN RE:        MICANEASHA ROSS
              Debtor(s)

## FIRST AMENDED CHAPTER 13 PLAN

**CHECK ONE:**

____X_____  Debtor[1]  certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case.  Any nonconforming provisions are deemed stricken.

_____  The Plan contains provisions that are specific to this Plan in paragraph  9, Nonconforming Provisions.  Any nonconforming provision not set forth in paragraph 9 is deemed stricken.

**1.      MONTHLY PLAN PAYMENTS.**  Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date.  Debtor shall make payments to the Trustee for the period of **60** months.  If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payment under the plan and may cause an increased distribution to the unsecured class of creditors:

(A) $525.38_____ for months ____1____ through __36___
(B) $497.60_____ for months ____37___ through _60____
(C) $_____ for months _____ through ____

To pay the following creditors:

## 2.      ADMINISTRATIVE ATTORNEY'S FEES.

Base Fee $4,400 Total Paid Prepetition $-0- Balance Due $4,400

Estimated Additional Fees Subject to Court Approval $_____

Attorney's Fees Payable through Plan $375 Monthly (subject to adjustment) for months 1 – 10, then $25 per month for months 11 – 36 (incl. admin. fee)

_____
[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

3.    **PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**
      **Creditor (+ Last 4 Digits          Total Claim**
      **Of Acct . No.)**

4.    **TRUSTEE FEES.** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

5.    **SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.

      (A)   **Claims Secured by Real Property Which Debtor Intends to Retain/Mortgage Payments and Arrears, if any, Paid through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments on the following mortgage claims:

| Creditor (+Last 4 Digits Of Acct No.) | Collateral Address | Reg. Mo. Pmt. | Arrears |
|---|---|---|---|

      (B) **Claims Secured by Real Property/Debtor Intends to seek Mortgage Modification.** Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross disposable monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment, or (2) for *non-homestead*, income-producing property, 75% of the gross rental income generated from the property:

| Creditor (+Last 4 Digits Of Acct. No.) | Collateral | Pmt. Amt. |
|---|---|---|

2

(C)    **Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES.**  Under 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence.  A separate motion to determine secured status or to value the collateral must be filed.  The secured portion of the claim, estimated below, shall be paid:

| Creditor (+Last 4 Digits of Acct No.) | Collateral Desc./Address | Claim Amt. | Value | Pmt. | Interest @_% |
|---|---|---|---|---|---|
| W.S. Badcock Corp. (0557) | HHG | $4,116.46 | $2,000 | $-0-(1-10) $44.20 (11-60) | 4% |

(D)    **Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY.**  Claims of the following secured creditors shall be paid in full with interest:

| Creditor (+Last 4 Digits Of Acct. No.) | Collateral Desc./Address | Claim Amt. | Pmt. | Interest @_% |
|---|---|---|---|---|
| Florida Credit Union | 2011 Nissan | $18,688 | $97.84 (1-10) $403.64 (11-60) | 5% |

(E)    **Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearages, if any, with All Payments in Plan.**

| Creditor (+Last 4 Digits Of Acct. No.) | Collateral Desc./Address | Regular Payment | Arrearages |
|---|---|---|---|

(F)     **Secured Claims/Lease Claims Paid Direct by Debtor.** The following secured claims/lease claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid direct to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. (Note: The Plan must provide for the assumption of lease claims that Debtor proposes to pay direct in the Lease/Executory Contract Section 6 below.)

**Creditor(+Last 4 Digits**                               **Property/Collateral**
**Of Acct No.)**

(G) **Liens to be Avoided per 11 U.S.C.§ 522/Stripped Off per 11 U.S.C.§ 506.** A separate motion to avoid a lien under § 522 or to determine secured status and to strip a lien under § 506 must be filed.

**Creditor (+Last 4 Digits**                              **Collateral Description/Address**
**Of Acct. No.)**

(H)     **Surrender of Collateral/Leased Property.** Debtor will surrender the following collateral/leased property. The automatic stay is terminated *in rem* as to debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. (Note: The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.)

**Creditor (+Last 4 Digits**                              **Property/Collateral to be**
**Of Acct No.)**                                          **Surrendered**

Model Finance Co.                                         2008 Suzuki
(2673)

(I) **Other Secured Claims.** Debtor does not intend to make payments to the following secured creditors. The automatic stay is terminated *in rem* as to Debtor and *in rem and in personam* as to any codebtor with respect to these creditors. Debtor's state law contract rights and defenses are neither terminated nor abrogated.

6.    **LEASES/EXECUTORY CONTRACTS.**

| **Creditor (+Last 4 Digits Of Acct No.)** | **Property** | **Assume/Reject-Surrender** | **Est. Arrears** |
|---|---|---|---|

7.    **GENERAL UNSECURED CREDITORS.**    General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order confirming Plan. The estimated dividend to unsecured creditors shall be no less than $-0-.

8.    **ADDITIONAL PROVISIONS:**

  (A)    Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims:

  (B)    Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

  (C)    Property of the estate (check one)*

     (1)    _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

     (2)    _X_ shall vest in Debtor upon confirmation of the Plan.

  *If Debtor fails to check (1) or (2) above, or if Debtor checks both (1) and (2), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

  (D)    The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. The Trustee shall only pay creditors with filed and allowed proofs of claims. An allowed proof of claim will control, unless the Court orders otherwise.

  (E)    The Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary of spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

(F)     Debtor shall timely file all tax returns and make all tax payments and deposits when
        due.  (However, if Debtor is not required to file tax returns, Debtor shall provide
Trustee with a statement to that effect.)  For each tax return that becomes due after   the
case is filed, Debtor shall provide a complete copy of the tax return, including business
returns if Debtor owns a business, together with all related W-2s and Form   1099s,  to  the
Trustee within 14 day of filing the return.  Unless otherwise consented to by the Trustee or
ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to
regular Plan payments.  Debtor shall not instruct the Internal Revenue Service or other
taxing  agency to apply a refund to the following year's tax liability**. Debtor shall   spend
no tax refunds without first having obtained the Trustee's consent or court approval.**

## 9.     NONCONFORMING PROVISIONS:

        I HEREBY CERTIFY a copy of this First Amended Chapter 13 Plan has been furnished
electronically or by US Mail to all interested parties on the attached matrix this  __*l*__ day of
~~July,~~ 2016.
*A vb.*

                                        Higginbotham Law Firm
                                        Attorneys for Debtor(s)


                                        _____
                                        D.C. Higginbotham, Esq.
                                        Florida Bar #167121
                                        Trent D. Higginbotham, Esq.
                                        Florida Bar # 0119203
                                        925 Forest Street
                                        Jacksonville, FL 32204
                                        Phone: (904) 354-6604
                                        FAX:  (904) 354-6606


**Debtor (By D.C. Higginbotham/**
**Trent D. Higginbotham as Attorney in Fact)**

DATED:  8/1/16


                                        DATED: _____

**Debtor (By D.C. Higginbotham/**

# POWER OF ATTORNEY

## FOR FILING AND SIGNING CHAPTER 13 PLANS

I, __MicaNeAska Ross__ and _____, hereby name and appoint my attorneys, D.C. Higginbotham and Trent D. Higginbotham, or either of them, whose business address is 925 Forest St., Jacksonville, FL 32204 to be my lawful Attorney-In-Fact to act for me and sign and file plans, amended plans and modified plans for my Chapter 13 case.

__Micaneaska Ross__                          _____

Print name                                   Print name

_Micaneaska Ross_                            _____

Signature                                    Signature

DATE: __8/1/16__                             DATE: _____

## STATE OF FLORIDA

## COUNTY OF __Duval__

Before me the undersigned authority, personally appeared __Micaneaska Ross__ being first duly sworn, deposes and says that he/she/they is the person/people named in the foregoing Power of Attorney; he/she/they has/have read the same, knows the contents thereof and the same are true and correct.

SWORN TO AND SUBSCRIBED before me this

__1__ day of __Aug.__, __2016__

by __DCH__

NOTARY PUBLIC, State of Florida

My Commission Expires:

Personally known _____, or

Produced

__FL. Drivers Lic.__

as identification.

DOUGLAS C. HIGGINBOTHAM
Notary Public - State of Florida
My Comm. Expires Dec 14, 2016
Commission # EE 842920
Bonded Through National Notary Assn.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:   *16 - 2332*

IN RE:     MICANEASHA ROSS
           Debtor(s)

_____

## SUMMARY OF ANTICIPATED DISTRIBUTIONS

**ATTORNEY FEES**

| Service | Amount | Payment Amount | Payment Month Numbers |
|---|---|---|---|
| **Bankruptcy** | **$3,500** | **$350** | **1-10** |
| **Administrative Fee** | **$900** | **$25** | **1 - 36** |

**Mortgage Modification**

**Avoidance of Second Mortgage**

**PRIORITY CLAIMS**

| Creditor | Payment Amount | Payment Month Numbers |
|---|---|---|
| | | |

**SECURED CLAIMS**

| Secured Creditor | Payment Amount | Payment Month Numbers |
|---|---|---|
| Florida Credit Union | $97.84 | 1 – 10 |
| | $403.64 | 11 - 60 |

**SECURED ARREARAGES**

| Name of Creditor | Payment Amount | Payment Month Numbers |
|---|---|---|
| | | |

**VALUATION OF SECURITY**

| Name of Creditor | Payment Amount | Payment Month Numbers |
|---|---|---|
| W.s. Badcock Corp. | $-0- | 1 – 10 |
| | $44.20 | 11 - 60 |

**UNSECURED CREDITORS**

| Payment Amount | Payment Month Numbers |
|---|---|
| | |

DATED: _____

Higginbotham Law Firm
Attorneys for Debtor(s)

_____
D.C. Higginbotham, Esq.
Florida Bar #167121
Trent D. Higginbotham, Esq.
Florida Bar # 0119203
925 Forest Street
Jacksonville, FL 32204
Phone: (904) 354-6604
FAX:  (904) 354-6606

Label Matrix for local noticing
113A-3
Case 3:16-bk-02332-PMG
Middle District of Florida
Jacksonville
Mon Aug  1 16:44:38 EDT 2016

Micaneasha Ross
502 Center St.
Live Oak, FL 32064-2916


Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668


United States Attorney
300 North Hogan St Suite 700
Jacksonville, FL 32202-4204


United States Trustee - JAX 13/7 7+
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Note: Entries with a '+' at the end of the
name have an email address on file in CMECF

Florida Credit Union
c/o J. Blair Boyd
Post Office Box 4128
Tallahassee, FL 32315-4128

Susan Samuels
4369 Central Dr
Stone Mountain, GA 30083-2444


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346


W.S.Badcock Corporation
Post Office Box 724
Mulberry,FL 33860-0724


Douglas W. Neway +
P O Box 4308
Jacksonville, FL 32201-4308

Model Finance Company c/o Capital Recovery G
PO Box 64090
Tucson, AZ 85728-4090


FL Credit Union
P.O. Box 5549
Gainesville, FL 32627-5549


Suwannee County Tax Collector
215 Pine Avenue, Ste A
Live Oak FL 32064-2349


Douglas C Higginbotham +
925 Forest St.
Jacksonville, FL 32204-2839


John Blair Boyd +
Williams Gautier Gwynn DeLoach Sorenson
Post Office Box 4128
Tallahasee, FL 32315-4128


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Paul M. Glenn
Jacksonville

(d)Florida Credit Union
c/o J. Blair Boyd
Post Office Box 4128
Tallahassee, FL 32315-4128

(d)Model Finance Company c/o Capital Recovery
PO Box 64090
Tucson, AZ 85728-4090


End of Label Matrix
Mailable recipients    15
Bypassed recipients     3
Total                  18