UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                      CASE NO. 3:16-bk-02332-PMG

MICANEASHA ROSS,                              CHAPTER 13

　　　　Debtors.
_____/

## OBJECTION TO DEBTOR'S FIRST AMENDED CHAPTER 13 PLAN

Creditor, FLORIDA CREDIT UNION, hereinafter referred to as the Creditor, a secured Creditor herein, objects to the confirmation of the Debtor's First Amended Chapter 13 Plan as proposed on the following basis:

1. Creditor is a secured Creditor by virtue of a lien on a 2011 Nissan Maxima, VIN #1N4AA5AP1BC813462, as evidenced by the Proof of Claim and attachments thereto that have been filed in this case.

2. As of the date of the Petition, Creditor was owed $19,285.74 on the auto loan.

3. Upon information and belief, the vehicle at issue is a "910 claim" as the loan associated with the purchase of the vehicle was a purchase money loan, made within 910 days of the bankruptcy filing, and the vehicle was purchased for the Debtor's personal use. Accordingly, the Debtor must pay the amount of the purchase money loan in the Plan in order to retain the collateral.

4. The Debtor's plan proposes to repay $18,688.00 over the life of the Plan. Debtor's valuation of the collateral is in violation of the hanging paragraph of 11 U.S.C. § 1325.

5. In addition, the Debtor's Plan proposes to repay the auto loan with 5.00% interest over the life of the Plan. The contract rate of interest on the loan owed to Creditor is 10.75%. The current prime rate of interest is 3.5%. Creditor is entitled to receive 5.5% interest (prime rate plus a 2.0% risk factor) on its claim pursuant to the holding in *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004). At a bare minimum, the Debtor's Plan may not be confirmed unless it provides Creditor the prime rate of interest on its claim, plus *some* additional amount of interest as a risk factor.

6. Debtor's Chapter 13 Plan does not comply with 11 U.S.C. § 1325(a) because Creditor has not accepted the proposed Plan, the Plan has not been proposed in good faith, the Plan does not comply with the applicable provisions of the Code, and the Plan seeks to impermissibly alter the value of Creditor's claim.

WHEREFORE, Creditor prays this Court will deny confirmation of the Plan as proposed and described herein.

/s/ J. BLAIR BOYD
JAMES E. SORENSON (FL Bar #0086525),
D. TYLER VAN LEUVEN (FL Bar #0178705) &
J. BLAIR BOYD (FL Bar #28840) of
Williams, Gautier, Gwynn, DeLoach & Sorenson, P.A.
Post Office Box 4128
Tallahassee, Florida 32315-4128
Telephone (850) 386-3300
Facsimile (850) 205-4755
*Attorneys for Creditor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Micaneasha Ross, 502 Center Street, Live Oak, FL 32064, Pro Se Debtor, and Douglas W. Neway, Post Office Box 4308, Jacksonville, FL 32201, Trustee, by electronic means or U.S. Mail on this 16th day of August, 2016.

/s/ J. BLAIR BOYD
Attorney